IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| ADRIAN E. AWER, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| VS. | : | NO: 7:03-CR-22(HL) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent | : | **O R D E R** |

Before the Court is **ADRIAN AWER'S** request for transcripts at government expense (Tab # 126). Awer seeks the transcripts to aid his preparation of a 28 U.S.C. § 2255 motion.

The statute which addresses the question of furnishing transcripts at government expense is 28 U.S.C. § 753(f). That statute provides, in pertinent part, that:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

The former Fifth Circuit[1] has construed section 753(f) to mean that an indigent prisoner is not entitled to have the government pay the fees for a copy of his transcript until he actually files his section 2255 application. **Skinner v. United States**, 434 F.2d 1036 (5th Cir. 1970); *see also* **Hansen v. United States**, 956 F.2d 245, 248 (11th Cir. 1992) (analyzing section 753(b) and

---

[1] All opinions of the former Fifth Circuit Court of Appeals handed down before October 1, 1981, are binding on the Eleventh Circuit and on all district courts within the Eleventh Circuit. **Bonner v. City of Prichard**, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

stating "a request by a prisoner for access to the court files of his underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction; a prisoner is entitled to access to the court files only after he has made a showing that such files are necessary to the resolution of an issue or issues he has presented in a non-frivolous pending collateral proceeding."). Awer has yet to file a petition for habeas corpus under section 2255. Thus, Awer's motion is hereby **DENIED** without prejudice.

After Awer files his petition, the Court will entertain the motion for a free transcript. If the Court determines that petitioner's application is frivolous or that the transcript is unnecessary, the Court will deny the motion for a free transcript and consider the section 2255 application as submitted.

**SO ORDERED**, this 25th day of April, 2005.

                                                     **s/ Hugh Lawson**
                                                   HUGH LAWSON
                                                   UNITED STATES DISTRICT JUDGE

cr